IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERONIMO A. FUENTES, SR., <br><br>        **Petitioner**, <br><br>   v. <br><br>UNITED STATES OF AMERICA, <br>DISTRICT COURT FOR EASTERN <br>DISTRICT OF CALIFORNIA, <br><br>        **Respondent.** | CV F 03-6119 AWI <br>(CR F 98-5370-01 AWI) <br><br>**ORDER DENYING PETITIONER'S SUCCESSIVE MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C., SECTION 2255** <br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

In this case, petitioner Jeronimo Aguilar Fuentes, Sr. ("Petitioner") seeks relief under 28 U.S.C. section 2255[1] from the sentence of 87 months in custody and 36 months supervised release that were imposed by this court on April 10, 2000, following his entry of a guilty plea to one count of conspiracy to possess a listed chemical (pseudoephedrine) in violation of 21 U.S.C. sections 841(d)(2) and 846.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted upon a plea of guilty on April 10, 2000, to a single count of conspiracy to possess a listed chemical.  Per the negotiated plea agreement, the four-count

---

[1] References to section numbers hereinafter are to sections of Title 28 of the United States Code, unless otherwise specified.

indictment was dismissed. In the agreement, Petitioner admitted that he and other conspiracy members attempted to purchase 50 cases of pseudoephedrine pills from a confidential informant for approximately $90,000. Petitioner also admitted that weight of the chemical amounted to more than 20 kilograms. The agreement stipulated that Fuentes would receive a three-point reduction in offense level and a sentence at the low end of applicable range which would be recommended all in exchange for his plea of guilty. Judgement was entered on April 13, 2000.

The Presentence Investigation Report ("PIR"), prepared for Petitioner's sentencing hearing, computed a base offense level of 30 for the crime. Petitioner received a two-point enhancement for acting in a supervisory role during the crime and another two-point enhancement for possession of a firearm. Therefore, the total offense level was calculated at 32. The criminal history score was zero, establishing Petitioner's criminal history as category I. The court found that the total offense level to be 29. Pursuant to the 1998 edition of the <u>Guidelines Manual</u>, Petitioner's term of 87 months represents the bottom of the guideline range for an offense level of 29 and a criminal history of I.

On April 20, 2000, Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeal. The appeal was voluntarily dismissed by Petitioner on or about August 1, 2001. During the pendency of the appeal, Petitioner filed three separate motions. He filed a habeas corpus petition pursuant to section 2255, a "motion to dismiss the conviction for lack of jurisdiction," and a "motion for proof of the nature and cause." On November 2, 2002, the section 2255 motion was dismissed without prejudice as procedurally improper and with leave to amend a new motion following the dismissal of the appeal. The two remaining "motions" were denied with prejudice and Petitioner was ordered to file a new petition pursuant to section 2255.

On August 8, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to section 2241. On September 18, 2003, the petition was dismissed as procedurally improper and Petitioner was granted thirty days from that date to file a petition pursuant to section 2255.

On October 16, 2003, Petitioner filed a timely habeas corpus petition for relief pursuant

to section 2255.  Petitioner argued two points in the motion.  First, he stated that the court lacked the requisite jurisdiction to impose his sentence. To that, the court found that as Petitioner, pursuant to the plea agreement, admitted all the essential elements necessary to establish a conspiracy, Petitioner's argument was without merit.  Second, Petitioner contended that he was sentenced on the basis of fraudulent or misleading information.  Petitioner failed to specifically state what information was at issue.  The court found that even if the PIR had contained the allegedly false or fraudulent information, it would have had no effect as it would not have been used as a basis for the calculation of Petitioner's sentence.  Petitioner's First Motion to Vacate, Modify or Set Aside the sentence pursuant to section 2255 was denied on its merits.  The date of this order was September 14, 2004.

**LEGAL STANDARD**

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.  Also under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United State s v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

Rule 9(b) of the Federal Rules of Appellate Procedure[2] provides that a second or successive motion may be dismissed if (1) the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, (2) if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules. Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir. 1989). "A second or subsequent petition for habeas corpus is not considered 'successive' if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits." Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003). Where a section 2255 motion is successive, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that the petitioner show that the successive habeas petition is not abusive. To sustain this burden of proof, the petitioner must demonstrate the newly presented claim could not have been raised in a prior petition because the claim now relies on (1) newly discovered evidence or, (2) a new rule of constitutional law which the Supreme Court has made retroactive to cases on collateral review. Thomas v. Superintendent/Woodbourne Correctional Facility,136 F.3d 227, 229 (2nd Cir. 1997).

**DISCUSSION**

Petitioner's first motion pursuant to section 2255 was decided on the merits and the issues raised in the prior motion are different from the issues raised in the present motion. Consequently, the instant motion pursuant to section 2255 is successive. Therefore, this court may consider the merits of Petitioner's motion if the motion is not an abuse of process. That is, if it relies on newly discovered evidence or on a new rule of constitutional law which the Supreme Court has made retroactive. Petitioner does not allege any newly discovered evidence. Therefore the Petitioner's instant motion, to be cognizable, must rely on a new rule of constitutional law made retroactive by the Supreme Court. Id.

---

[2] References to Rules hereinafter are to the Federal Rules of Appellate Procedure, unless otherwise specified.

Petitioner's current motion relies on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to argue that only a jury, not this court, was empowered to determine the truth of facts Petitioner alleges were used to enhance his sentence beyond the statutory minimum.  The holdings in both <u>Apprendi</u> and <u>Blakely</u> are not retroactively applicable on collateral attack.  Only the Supreme Court can declare a case retroactively applicable  To date, no case from the Supreme Court has addressed the retroactivity of <u>Blakely</u>, see <u>In re: Dean</u>, 375 F.3d 1287 (11th Cir. 2004), or the applicability of <u>Apprendi</u> retroactivity to cases on collateral review. See <u>Rees v. Hill</u>, 286 F.3d 1103, 1104 (9th Cir. 2002).  The Ninth Circuit has held that <u>Blakley</u> does not apply retroactively on initial collateral review, <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 671 (9th Cir. 2002), or successive collateral review. <u>Rees v. Hill</u>, 286 F.3d 1103, 1104 (9th Cir. 2002).  Because the new legal rule upon which Petitioner relies has not been made retroactive to cases on collateral review, Petitioner's successive motion pursuant to section 2255 falls within the provisions of Rule 9(b) barring "secondary or successive" motions.

In consideration of the foregoing discussion, Petitioner's successive motion pursuant to section 2255 is hereby DENIED as procedurally barred.  The Clerk of the Court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:    August 16, 2005**          /s/ Anthony W. Ishii
h2ehf                                     UNITED STATES DISTRICT JUDGE

5